## LURIE v
## BOARD OF EDUCATION OF CLEVELAND

Ohio Common Pleas, Cuyahoga Co

Decided Sept 22, 1938

440

Herbert Copland, Cleveland, for plaintiff.

Alfred Clum, Law Director, Cleveland, and Edward Blythin, Asst. Director, Cleveland, for defendant.

## OPINION

By HURD, J.

This case is on final hearing for a permanent injunction restraining the Cleveland Board of Education from carrying out a contract heretofore entered into for architectural services and for an order abrogating said contract. It is conceded that this contract, if allowed to stand, will result in the payment of architects fees in the approximate sum of $300,000 which is 6% of the cost of the project.

. The claim of the plaintiff is based substantially on three separate grounds.

1. That the board in awarding the contract did not follow §7623, GC, which provides for the advertising for bids and provides that the award shall be made only to the lowest responsible bidder.

2. That in entering into the contract the Board of Education did not comply with §2314, GC, which in substance provides the manner in which awards shall be made for architectural services by the State of Ohio for state buildings; and,

3. On the ground that the Board of Education was guilty of an abuse of discretion in awarding said contract.

Considering the grounds in the order named we find that §7623, GC, has no application where the contract to be entered into is for personal services such as architectural services. This was ██ decided by the Circuit Court of Cuyahoga County in the case of **F. E. Cudell v The City of Cleveland, 16 O.C.C. (N.S.) page 376,** which de-

cision was later affirmed by the Supreme court of Ohio, **74 Oh St 374.** This case has never been overruled or modified. The second paragraph of the syllabus of that case is as follows:

"2. Where the contract to be entered into is for personal services of a kind requiring skill and technical learning the statutory provision that where the contract involves the expenditure of more than $500, it shall be advertised and the bids received does not apply."

In its opinion on page 377, the court say:

"An architect is an artist, his work requiring taste, skill and technical learning, ability of a high and rare kind. Advertising might bring many bids, but it is beyond a peradventure that the lowest bidder would be least capable and most inexperienced and absolutely unacceptable. As well advertise for a lawyer or civil engineer for the city and entrust its vast affairs and important interests to the one who would work for the least money. We find no merit in the contention. The demurrer to the petition is sustained."

On the authority of this decision the court must find against the plaintiff on its first ground of complaint.

Considering the second ground, above referred to, requiring an interpretation of §2314, GC, we find that this section applies to state buildings exclusively or any institution supported in whole or in part by the state or in or upon the public works of the state that are administered by the superintendent of public works. The Cleveland Board of Education, being a separate legal entity and the school buildings erected by the Cleveland Board of Education not being state buildings as defined by the statute, we are of the opinion that §2314 GC is not applicable, and therefore we must find against the plaintiff on the second ground of complaint.

Coming now to the consideration of the third ground, namely, that the Board of Education was guilty of an abuse of discretion. the burden was upon the plaintiff to show this by a preponderance of the evidence.

It is a fundamental proposition of law that it is not the province of the court to substitute its judgment for the judgment of an administrative body such as the Cleveland Board of Education. It was urged that this contract should have been awarded to a lower bidder or it might be contended

that it should have been awarded to more than one bidder, but we are of the opinion that these are matters exclusively within the discretion of the Board of Education. Our conclusion upon an analysis of all the evidence is that the plaintiff has not sustained the burden of proof on her part to show any fraud or abuse of discretion on the part of the board in awarding this contract. Therefore, we are obliged to find against the plaintiff on the third ground of complaint urged.

Accordingly judgment is entered for the defendant and the petition dismissed at plaintiff's costs.

The motion of the plaintiff for judgment on the opening statement and the pleadings is overruled, and the motion of the plaintiff objecting to the introduction of testimony is overruled.

A journal entry may be drawn accordingly in accordance with this decree, allowing exceptions to all proper parties.